Bruce S. Asay W. S. B. # 5 – 1739
Gregory B. Asay W.S.B. #5-7032
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)

*Attorneys for Plaintiff, Kent Flowers*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 NOV -9 PM 3:46

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KENT FLOWERS, ) | |
| Plaintiff, ) | |
| ) | Docket No. 18-CV-187 -F |
| vs. ) | |
| ) | |
| TERRACON CONSULTANTS INC., ) | |
| a Delaware Corporation d/b/a Terracon, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff, Kent Flowers, by and through his undersigned counsel, for his Complaint, against Defendant, Terracon Consultants Inc., A Delaware Corporation, states and alleges as follows:

### INTRODUCTION

1. This is an action brought by the Plaintiff against Terracon, the Defendant, for violations of the Americans with Disabilities Act of 1990 (as amended) and certain state law claims. The Plaintiff brings this action for compensatory damages as well as attorney's fees. The plaintiff brings this complaint for discrimination based on his unlawful termination from employment on September 24, 2015 where Mr. Flowers worked for the Defendant as a lab technician.

## PARTIES

2.Kent Flowers ("Plaintiff" or "Flowers") is a resident of Cheyenne, Laramie County, Wyoming. At all times relevant to this action, Plaintiff was employed by Terracon Consultants Inc., a Delaware corporation d/b/a Terracon ("Terracon" or "Defendant") at the company's Cheyenne facility. The Plaintiff is an individual with a disability in that he has an eyesight or vision impairment which affects certain major life activities. He is a member of a protected group as he is disabled

3.Terracon Consultants Inc., a Delaware corporation d/b/a Terracon provides consulting services throughout the continental United States and has a facility in Cheyenne, Wyoming.

## JURISDICTION

4.This Court has jurisdiction over this matter as the causes of action arose under the laws of the United States of America and the state of Wyoming. As the acts complained of herein were and are now being committed within the state of Wyoming, this Court has jurisdiction over any federal contract or the common law claim.

5.At the filing of this lawsuit, the Plaintiff has accomplished all conditions precedent to bringing this litigation which includes the filing of a claim with the Wyoming Department of Workforce Services and the Equal Employment Opportunity Commission ("EEOC"). As a condition precedent to bringing this action, the Plaintiff has received a right to sue letter, which requires the filing of a lawsuit within 90 days of September 27, 2018.

## GENERAL FACTUAL ALLEGATIONS

6. The Plaintiff was hired by Defendant as a lab tech 3 on May 1, 2013. He diligently performed his duties and responsibilities in this position until he was terminated unlawfully by the Defendant.

7. The Plaintiff at the time of his hiring, advised the Defendant that he had a sight impairment. Defendant was aware and understood that the vision impairment-which limited the Plaintiff in certain major life activities, including; vision, working and driving, would need to be accommodated. At all times relevant hereto, the Plaintiff has asserted that his vision impairment is a disability to which the Defendant agrees. In fact, the Terracon manager hiring the Plaintiff knew at the time of hiring that the Plaintiff would be a little slower in performing tasks because of the disability.

8. The Plaintiff was required to perform a number of duties as part of his lab work and did the work conscientiously and appropriately. While he had difficulty reading certain charts, graphs and the computer monitor, he had certain vision aids to assist him in performing the duties and responsibilities of his job. At the time of his hiring, the Plaintiff was advised that he would eventually be the lab manager and ultimately he became the de facto lab manager.

9. As the lab was busy, particularly during the construction season in the summer, the Plaintiff was provided employees to assist him with the lab work. The Terracon lab performed a number of functions to test soils and materials relating to construction-including highway construction. During the construction season, the Terracon lab was extremely busy and even with additional employees, it was difficult to keep up with the testing requests.

10. Toward the end of the construction year, August 2014, the manager who hired the Plaintiff (Anderson) retired and another lab technician (Dobkins) took that position as the lab manager.

11. Initially, the Plaintiff and the lab manager (Dobkins) had a very pleasant and workable relationship. Indeed, the initial performance evaluations for the Plaintiff were excellent. This relationship changed; the manager became increasingly concerned about the Plaintiff's disability. The manager's treatment of the Plaintiff changed; in early 2015, the manager, Dobkins, had a conversation with another staff engineer/program manager in which she expressed concern about the Plaintiff's vision and his ability to satisfactorily do the work. The individual, Collins, relayed to Dobkins that the Plaintiff's condition was gradually worsening and that he had a degenerative vision condition-his vision would continue to deteriorate. Dobkins responded and stated that she was going to make changes in the lab. Thereafter, the Plaintiff's working relationship with the supervisor worsened considerably; working conditions or performance issues that were not of concern previously, were immediately brought to the Plaintiff's attention as disciplinary issues.

12. The manager also took exception with the manner in which the Plaintiff performed his tasks. She observed to him that he would have a difficult time completing a test due to his vision and would often require the Plaintiff to perform tasks that were difficult because of his vision.

13. While the Plaintiff's job performance had been excellent, he received a performance evaluation on February 17th, 2015 in which the supervisor advised him to make certain improvements. The supervisor, later on July 7th, 2015 provided an employee feedback report which required additional work by the Plaintiff including the requirement that he immediately split lab samples, that he keep an assignment sheet for laboratory items and that the lab data sheets be filled out completely and typed. The supervisor knew when providing such

requirements that they were not necessary and were simply imposed to make the Plaintiff's job performance more difficult.

14. In the summer of 2015, the construction season, the Terracon Lab was very busy- as was typical during the construction season. While in the past, the Plaintiff had been provided additional assistance in the lab to keep up with the increased workload, during this period, the supervisor reassigned the lab employees to other task knowing that the Plaintiff was understaffed. Notwithstanding the Plaintiff's repeated requests for assistance, his supervisor, Dobkins, ignored his requests.

15. The Plaintiff was written up by Dobkins for work performance issues. While the lab work to be accomplished during the construction season was overwhelming and the Plaintiff repeatedly requested assistance-assistance which had been provided in the past, Dobkins found fault with the Plaintiff's performance, which, in part, related to the lack of support in the lab. At other times, Dobkins would write the Plaintiff up for issues that had been discussed and resolved.

16. Dobkins was determined to terminate the Plaintiff while failing to accommodate his disability. On September 3, 2015, she prepared another employee feedback report in which she found additional fault with the Plaintiff, including: concrete break results were not entered, assignment sheets were difficult, masonry prisms were broken, new item lab data sheets are not turned in, test result issues and further that the Plaintiff failed to make improvement. The Plaintiff was subsequently terminated on September 24, 2016. The termination was unlawful and contrary to federal and state law as it was based on the Plaintiff's disability

17. On February 3, 2016, the Plaintiff filed a charge of discrimination under the Wyoming Fair Employment Practices Act ("WFEP") and with the Equal Employment Opportunity Commission ("EEOC") under Title VI I of the Civil Rights Act of 1964, as

amended. After a cursory review, the labor standards official entered a "notice of dismissal" which dismissed the charges. The Plaintiff then filed a petition for fair hearing on December 5, 2016 which hearing was conducted on December 12, 2017 before a hearing officer-a non-attorney who entered a "final agency order" on June 28, 2018. The ruling, which was adverse to the Plaintiff, was appealed to the First Judicial District Court of Laramie County, Wyoming in Docket Number 190-215 on July 27, 2018.

18. On or about September 27, 2018, as more than 180 days had elapsed since the filing of the Charge of Discrimination, the Equal Employment Opportunity Commission issued to the Plaintiff, Flowers a Notice of Right to Sue with respect to his charge. This Complaint is filed less than 90 days after the receipt of the Notice of Right to Sue.

19. Plaintiff was discriminated against in violation of the Americans with Disabilities Act, the Wyoming Fair Employment Practices Act, and his contract of employment in that the Defendant discriminated against the Plaintiff because of a disability or perceived disability and failed to reasonably accommodate the Plaintiff's disability by providing him with appropriate employment consistent with the provisions of the ADA. Moreover, the Defendant in failing to provide a reasonable accommodation to the Plaintiff, ultimately discharged him because of his disability or perceived disability in contravention of the Act.

20. As a direct and proximate cause of the Defendant's unlawful and discriminatory action, Plaintiff has lost wages, both past and present, as well as benefits associated with his employment and will continue to lose such wages and benefits in the future.

**CLAIM I-Violation of the Americans with Disabilities Act ("ADA")**

21.     Plaintiff incorporates and re-alleges each and every preceding allegation as if fully set forth herein.

22.     The ADA makes it unlawful for any employer to discharge or discriminate against an individual who is disabled. At the time of defendant's discriminatory termination of the Plaintiff, Flowers; (1) he was disabled under the definition of the ADA; (2) he was qualified for the position that he held; (3) his employment was terminated; and (4) the defendant subsequently demonstrated a continuing need for services and replaced him with a younger employee.

23.     Plaintiff was subject to discriminatory treatment and terminated in violation of the Americans with Disabilities Act. The Defendant's stated reasons for terminating the Plaintiff's employment are a pretext as the Defendant discriminated against the Plaintiff because of his disability or perceived disability and failed to reasonably accommodate the his disability by providing him with appropriate employment consistent with the provisions of the ADA.

24.     As a direct and proximate cause of the Defendant's unlawful, willful and discriminatory action, Plaintiff has suffered damages, including: lost wages, both past and future, as well as the benefits associated with his employment and will continue to lose such benefits in the future. He has also incurred attorney's fees and costs to which he is entitled.

**CLAIM II- Breach of Contract, both Express and Implied**

25.     Plaintiff incorporates and re-alleges each and every proceeding allegation as if fully set forth herein.

26.     At the time the Plaintiff was employed by Defendant, the parties entered into an employment contract of indefinite duration under which the Plaintiff agreed to work for the Defendant in return for appropriate compensation.

27. At the time the parties entered into the contract, the Defendant distributed copies of its personnel policy manual to its employees, including the Plaintiff, which provided that the Defendant would discipline employees and discharge them for good cause in accordance with the discharge procedure set forth in the policy manual. Moreover, the policy manual confirmed that the Defendant would abide by federal and state law and particularly those laws relating to the ADA. The Defendant's agents confirmed the provisions of the manual and represented that the company's representations were correct and binding.

28. Plaintiff was aware of the Defendant's policies as set forth in the policy manual as well as verbally represented to him. He continued to work for the Defendant in reliance on the Defendant's representations concerning appropriate and fair treatment in regard to payment, promotions and employment longevity.

29. Notwithstanding the verbal and express written provisions as promised to the Plaintiff, the Defendant breached the provisions of the employment agreement in failing to abide by federal and state law in that it failed to properly care for the Plaintiff. Notwithstanding his disability, it failed to accommodate his disability or perceived disability, and then engaged in acts of retaliation and ultimately termination-all of which constitute a breach of the employment contract.

30. As a result of the Defendant's wrongful treatment and his discharge, the Plaintiff has suffered damages including lost earnings, future earnings and incurred expenses due to the breach.

### CLAIM III-Negligent Infliction of Emotional Distress

31. Plaintiff incorporates and re-alleges each and every proceeding allegation as if fully set forth herein.

32. Defendant Terracon through its agents and employees negligently inflicted emotional distress on the Plaintiff, Kent Flowers, by knowingly labeling him as an inefficient and poor worker when, in fact, they were well aware of his work habits and that he was wholly committed to performing the duties and responsibilities of his job.

33. The Plaintiff is entitled to damages as a result of the medical and emotional distress that he incurred by reason of the Defendant's action

### CLAIM IV-Intentional Infliction of Emotional Distress

34. Plaintiff incorporates and re-alleges each and every proceeding allegation as if fully set forth herein.

35. The Defendant, Terracon, through its agents and employees embarked on a course of conduct to discredit the plaintiff and to force him to work additional hours while claiming that he was ineffective and not performing the duties and responsibilities of his employment.

36. The Defendant, Terracon, through its agents and employees caused harm and injury to the plaintiff which action was intentional, malicious and oppressive.

36. As a result of the Defendant's willful action against the Plaintiff-including his termination, he suffered damages, including not limited to mental and emotional distress.

### CLAIM V-Enhanced Compensatory Damages

37. Plaintiff incorporates and re-alleges each and every proceeding allegation as if fully set forth herein.

38. The Defendant, Terracon, by its agents and employees embarked on a course of conduct to discredit the Plaintiff and to cause him to resign and/or be terminated. The course of conduct included slandering his reputation, attacking his body of work and discrediting his ability and accomplishments. The Defendant through its agents and employees acted in a wanton, intentional, malicious or oppressive manner justifying an award of enhanced compensatory or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief of the court as follows:

1. For Judgment against Defendant in favor of Plaintiff sufficient to compensate him for injuries caused by the unlawful actions of the Defendant;

2. For past wages, front pay, back pay, benefits, future losses, emotional pain, suffering, inconvenience, mental suffering, loss of enjoyment of life, prejudgment interest, all due to the Defendant's interference with Plaintiff's constitutional and civil rights as guaranteed by the Constitution of the United States of America and state of Wyoming, and

3. For Plaintiff's costs and reasonable attorney's fees incurred herein pursuant to federal law; and for such other and for the relief is this court deems just and equitable in the premises.

DATED this 9th day of November, 2018.

s /Bruce S. Asay
_____
Bruce S. Asay W. S. B. # 5 – 1739
Gregory B. Asay W.S.B. #5-7032
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
Attorneys for Plaintiff

## Demand for Jury

The Plaintiff demands a trial by jury on all issues so triable.

s/ Bruce S. Asay
_____
Bruce S. Asay W. S. B. # 5 – 1739
Gregory B. Asay W.S.B. #5-7032
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)
Attorneys for Plaintiff

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kent Flowers<br>5401 Gateway Drive<br>Cheyenne, WY 82009 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32K-2016-00030 | Orlando S. Garcia,<br>State & Local Program | (602) 640-5050 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*        Sep 27, 2018

Enclosures(s)        Elizabeth Cadle,<br>District Director        *(Date Mailed)*

cc:   **TERRACON**

C/O Amanda F. Esch, Esq.<br>
DAVIS & CANNON<br>
422 West 6th Street<br>
P.O. Box 43<br>
Cheyenne, WY 82003

Munger, Claire<br>
Attorney<br>
730 17th Street, Suite 900<br>
Denver, CO 80202